UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY RIHN & <br> BONITA RIHN, <br><br> Plaintiffs, <br> v. <br><br> TYOKA JACKSON <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No.  4:07CV00197ERW <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' FIRST MOTION IN LIMINE TO EXCLUDE QUESTIONS, COMMENTS, OPINION TESTIMONY OR STATEMENTS OF DEFENDANTS' EXPERT DR. SMITH CONCERNING: 1) THE CREDIBILITY OF PLAINTIFF GARY RIHN; 2) PLAINTIFFS' USE OF THE LEGAL SYSTEM; AND 3) THE CREDIBILITY OF GARY RIHN'S TREATING PHYSICIAN DR. ARONOV**

COME NOW Plaintiffs and for Plaintiffs' First Motion in Limine to Preclude the Expert Opinions and Testimony of Defendants' Expert Jeffrey Kuehn, state as follows:

1. Defendant offers the expert testimony of Dr. Stacey Smith.  In the Rule 26 report, Dr. Smith improperly impugns Mr. Rihn's credibility and offers her expert opinion that Mr. Rihn is lying and exaggerating his symptoms for purposes of this litigation.  Dr. Smith explicitly premises her opinion that Mr. Rihn does not have post-traumatic stress syndrome (or any other serious psychological injury arising from defendant's battery of Mr. Rihn) because Mr. Rihn "is exaggerating his complaints and navigating the treatment and litigation processes to favor his legal claim."  Dr. Smith's report is rife with other improper comments, invading the province of the jury and attacking the credibility of Mr. Rihn, Mrs. Rihn, and Mr. Rihn's treating physician Dr. Aronov.

2.      As set forth at length in Plaintiff's Memorandum in Support, attached hereto, each of the inadmissible and improper statements of Dr. Smith should be excluded.

3.      In support of their motion, Plaintiffs incorporate by reference their Memorandum in Support, filed herewith.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order precluding the Defendant from introducing any expert testimony or opinions concerning the credibility of Plaintiffs or any other witnesses, from making any comments or argument to the jury concerning "secondary gain", or otherwise attempting to discredit plaintiffs for exercising their right to utilize the judicial system to seek recovery for their injuries.

                    DOWD & DOWD, P.C.

BY:    ___/s/ DOUGLAS P. DOWD___
           DOUGLAS P. DOWD (29240)
           Attorneys for Plaintiffs
           100 North Broadway, Suite 1600
           St. Louis, Missouri  63102
           314/621-2500  Fax, 314/621-2503

## CERTIFICATE OF SERVICE

A copy of the foregoing was served by operation of the Court's electronic filing system this 10th day of March, 2008 to Mr. Thomas Magee, Attorneys for Defendant, Moser & Marsalek, P.C., 200 North Broadway, Suite 700, St. Louis, Missouri 63102, 314-421-5640 (fax) and N. Scott Rosenblum, Rosenblum, Schwarts & Rogers, P.C., 120 South Central Avenue, Suite 1550, Clayton, Missouri 63105, 314-862-8050 (fax).

                    ___/s/ DOUGLAS P. DOWD___
                    DOUGLAS P. DOWD