UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY RIHN & <br> BONITA RIHN, <br><br> Plaintiffs, <br><br> v. <br><br> TYOKA JACKSON <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:07CV00197ERW <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' SECOND MOTION IN LIMINE TO EXCLUDE
1) ANY STATEMENTS, QUESTIONS, EVIDENCE OR ARGUMENT
CONCERNING PLAINTIFFS' EXERCISE OF THEIR LEGAL RIGHTS AND
2) ANY ATTEMPT TO ELICIT IMPROPER OPINION TESTIMONY FROM
DR. ARONOV CONCERNING THE CREDIBILITY OF PLAINTIFFS OR
"SECONDARY GAIN"**

COME NOW Plaintiffs Gary Rihn and Bonita Rihn, and for their Second Motion in Limine to Exclude 1) Any Statements, Questions, Evidence or Argument Concerning Plaintiffs' Exercise of Their Legal Rights and 2) Any Attempt to Elicit Improper Opinion Testimony from Dr. Aronov Concerning the Credibility of Plaintiffs or "Secondary Gain", states as follows:

1.      Plaintiffs anticipate that counsel for defendant will offer statements and argument at trial suggesting that plaintiffs have brought the present suit solely because of Mr. Jackson's minor celebrity as a professional football player.  Plaintiffs anticipate that defendant intends to question Plaintiffs concerning their use of the legal system, including questions concerning when Plaintiffs retained their attorneys.  Similarly, Plaintiffs expect that counsel for Defendant will question Mr. Rihn's treating physician Dr. Aronov concerning "secondary gain" or "litigation syndrome," as part of Defendant's attack on the credibility of plaintiffs.

1

2.      Courts have consistently held that accessing the legal system is not to be discouraged, and exercising one's right to utilize the legal system within established rules and procedures should not be used to attempt to discredit a litigant with a jury.  As set forth at length in Plaintiff's Memorandum in Support, attached hereto, both Defendant's attacks on Plaintiffs' use of the legal system and Defendant's "secondary gain" strategy are improper as a matter of law, and the Court should exclude all such questions, statements and argument by counsel for Defendant.

3.      In support of their motion, Plaintiffs incorporate by reference their Memorandum in Support, filed herewith.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order precluding the Defendant from introducing any expert testimony or opinions concerning the credibility of Plaintiffs or any other witnesses, from making any comments or argument to the jury concerning "secondary gain", or otherwise attempting to discredit plaintiffs for exercising their right to utilize the judicial system to seek recovery for their injuries.

                DOWD & DOWD, P.C.

BY:   /s/ Douglas P. Dowd
       DOUGLAS P. DOWD (29240)
       Attorneys for Plaintiffs
       100 North Broadway, Suite 1600
       St. Louis, Missouri  63102
       314/621-2500  Fax, 314/621-2503

## CERTIFICATE OF SERVICE

    A copy of the foregoing was served by operation of the Court's electronic filing system this 10th day of March, 2008 to Mr. Thomas Magee, Attorneys for Defendant, Moser & Marsalek, P.C., 200 North Broadway, Suite 700, St. Louis, Missouri 63102, 314-421-5640 (fax) and N. Scott Rosenblum, Rosenblum, Schwarts & Rogers, P.C., 120 South Central Avenue, Suite 1550, Clayton, Missouri 63105, 314-862-8050 (fax).

                                              /s/ Douglas P. Dowd
                                              DOUGLAS P. DOWD