UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY RIHN & BONITA RIHN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No.  4:07CV00197ERW |
| TYOKA JACKSON | ) ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' SECOND MOTION IN LIMINE TO EXCLUDE 1) ANY STATEMENTS, QUESTIONS, EVIDENCE OR ARGUMENT CONCERNING PLAINTIFFS' EXERCISE OF THEIR LEGAL RIGHTS AND 2) ANY ATTEMPT TO ELICIT IMPROPER OPINION TESTIMONY FROM DR. ARONOV CONCERNING THE CREDIBILITY OF PLAINTIFFS OR "SECONDARY GAIN"**

COME NOW Plaintiffs, Gary Rihn and Bonita Rihn, and for their Memorandum in Support of Plaintiffs' Second Motion in Limine to Exclude 1) Any Statements, Questions, Evidence or Argument Concerning Plaintiffs' Exercise of Their Legal Rights and 2) Any Attempt to Elicit Improper Opinion Testimony from Dr. Aronov Concerning the Credibility of Plaintiffs or "Secondary Gain", states as follows:

**I.     INTRODUCTION.**

Plaintiff Gary Rihn has filed suit against Defendant Tyoka Jackson for battery. Plaintiff Bonita Rihn has made a derivative claim for loss of consortium.  Gary Rihn is a flight attendant, employed by Northwest Airlines.  On February 13, 2005, while working a flight from Memphis, Tennessee to St. Louis, Rihn instructed Jackson to stow his bags to prepare for landing.  On the descent into St. Louis, the Defendant failed to comply with Rihn's instructions, struck Rihn with both hands, causing him to leave his feet, fly across the cabin, land on another passenger and the seat separator.  Defendant's acts

violated Federal Aviation Regulation Section 121.580, constituting per se liability.  As a result of Defendant's assault and battery, Plaintiff Rihn suffered physical injuries as well as post-traumatic stress syndrome/anxiety.  Plaintiff Bonita Rihn alleges loss of consortium as a result of Defendant's battery of her husband.  Plaintiffs seek both compensatory and punitive damages.

**II.      ANY STATEMENTS, ARGUMENT OR QUESTIONS CONCERNING PLAINTIFFS' EXERCISE OF THEIR LEGAL RIGHTS SHOULD BE EXCLUDED.**

Plaintiffs have set forth at length, in Plaintiffs' Motion in Limine to Exclude Questions, Comments, Opinion Testimony or Statements of Defendants' Expert Dr. Smith Concerning: 1) the Credibility of Plaintiff Gary Rihn; 2) Plaintiffs' Use of the Legal System; and 3) the Credibility of Gary Rihn's Treating Physician Dr. Aronov, Defendant's effort to use his expert, Dr. Stacey Smith, to improperly attack the credibility of Plaintiff Gary Rihn and his physician, Dr. Aronov.  Plaintiffs further anticipate that defendant intends to question Plaintiffs themselves concerning their use of the legal system, including questions concerning when Plaintiffs retained their attorneys.

Additionally, plaintiffs anticipate that counsel for defendant will offer statements and argument at trial suggesting that plaintiffs have only brought the present suit because they hope to "cash in" on Mr. Jackson's minor celebrity as a professional football player.  This has been a consistent theme from counsel for defendant since early in this case, when Mr. Magee was quoted in the St. Louis Post-Dispatch as stating "Obviously, the lawsuit's being filed because it's Tyoka Jackson…not John Q. Public."  Similarly, counsel for the defendant questioned Mrs. Rihn extensively on whether the plaintiffs knew that Mr. Jackson was a professional football player prior to this lawsuit being filed.

(Bonita Rihn Depo., pp. 34-35).  Any such comments or argument constitute an improper effort to discredit plaintiffs for exercising their rights under the law.

The law is clear that parties cannot introduce evidence of a party's use of the legal system in order to discredit that party. See <u>Sizemore v. Fletcher</u>, 921 F.2d 667, 670-671 (6th Cir. (Ky.) 1990)(Where prosecutor made "intentional and repeated attempts to question [the defendant's] motives for consulting with counsel" and "clearly invited the jurors to view [the defendant's] ability to hire several attorneys with suspicion," arguments constituted prejudicial error).  Thus, Missouri Courts have held that a defense counsel's questions regarding when the plaintiff first hired his attorney constituted prejudicial error, because the questions were asked "to discredit plaintiffs as avaricious because they sought the services of a lawyer soon after their son's death." <u>Carlyle v. Lai</u>, 783 S.W.2d 925, 929 (Mo.App. W.D. 1989)("Accessing the legal system is normally not to be discouraged and, exercising one's right to utilize the legal system within established rules and procedures should normally not be used to attempt to discredit a litigant with a jury.") See also <u>Edgell v. Leighty</u>, 825 S.W.2d 325 (Mo.App. S.D. 1992)(Court properly excluded evidence concerning date injured motorist filed suit).  In this case, defendant's questions and argument which seek to improperly "discredit plaintiffs as avaricious" should similarly be excluded.

Furthermore, Defendant has not produced a shred of evidence to support any statements or argument that Plaintiffs have deceptively or dishonestly "concocted" a lawsuit or exaggerated their damages for monetary gain.  In <u>Yingling v. Hartwig</u>, 925 S.W.2d 952 (Mo.App. W.D. 1996), the Court held that the trial court's admission of a physician's expert opinion, to the effect that patients involved in litigation have subjective

3

complaints of injury for a longer period of time than patients not involved in litigation, was prejudicial error. <u>Id</u>. at 955-957.  At trial, counsel for the defendant explicitly made a number of similar arguments during closing suggesting that the lawsuit was a sham concocted by the plaintiff, including the assertion that "What you have seen is a year-and-a-half event by those two lawyers to develop a lawsuit." <u>Id</u>. at 957.  Counsel further contended that the case was a "contrived thing," meant solely to make money. <u>Id</u>.  The Court found this argument to constitute prejudicial error, stating that "There was no evidence to support any of these arguments.  Defense counsel certainly tried to imply to the jury that they occurred or were fact.  However, there was no evidence of any of the matters asserted." <u>Id</u>.

The same is the case here, and defendant should not be allowed to argue to the jury that Plaintiffs are faking or exaggerating their injuries for purposes of litigation when there is no evidence that this is the case, apart from the speculative and inadmissible opinions of Defendant's hired expert. See Memorandum in Support of Plaintiff's First Motion in Limine.  This is particularly true where the uncontroverted facts support Plaintiffs' exercise of their legal rights, by demonstrating that Defendant violently assaulted Gary Rihn and violated federal aviation regulations.  Plaintiffs respectfully request that the defendant be precluded from making any such argument.

### III. DEFENDANT SHOULD NOT BE ALLOWED TO ELICIT IMPROPER OPINION TESTIMONY FROM PLAINTIFF GARY RIHN'S TREATING PHYSICIAN, DR. ARONOV CONCERNING THE CREDIBILITY OF PLAINTIFF OR "SECONDARY GAIN."

"[E]xpert testimony going to the issue of credibility is not admissible." <u>Westcott v. Crinklaw</u>, 68 F.3d 1073, 1077 (8th Cir. 1995).  "[E]xpert witnesses may not offer opinions ... based on their personal assessment of the credibility of another witness's testimony.

4

The credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at the trial." *United States v. Scop*, 846 F.2d 135, 142 (2nd Cir. 1988).

Plaintiffs anticipate that counsel for defendant will question Gary Rihn's treating physician, Dr. Aronov, at trial in an attempt to elicit improper opinion testimony concerning Plaintiff's credibility and his use of the legal system in order to obtain compensation for his injuries.  In deposition counsel for defendant questioned Dr. Aronov on whether he was informed of the civil claim prior to examining Gary Rihn. (Aronov Depo., p. 60.)  Counsel further questioned Dr. Aronov at length on the concept of "secondary gain" arising from the litigation process, improperly insinuating that the potential monetary gain from litigation was the real cause of Gary Rihn's symptoms. (Aronov Depo., pp. 68-72.)  This line of questioning directly and improperly attacks the credibility and motivations of Plaintiff's own testimony concerning his injury and symptoms, and thus invades the province of the jury.  Dr. Aronov in effect agrees with the conclusion that the Courts have reached on this issue, that psychologists are not "lie detectors" who are capable of judging the credibility of witnesses.  Dr. Aronov states that "Any expert who tells you he can tell what the truth is and what isn't the truth should scare you to death.  We can't." (Aronov Depo., p. 91.)  Thus, this type of questioning seeks opinion testimony from Dr. Aronov, and that is both inadmissible (as an opinion on the credibility of Mr. Rihn and personal injury plaintiffs in general) and immaterial (because Dr. Aronov's actual opinion is that psychologists are not competent to give such an opinion on whether a witness is telling the truth).

Plaintiff's First Motion in Limine addresses at length Defendant's expert Dr. Smith's improper opinion testimony concerning the credibility of Gary Rihn and Dr. Aronov.  Any attempt by Defendant to solicit testimony from Dr. Aronov regarding the credibility of Gary Rihn or regarding "secondary gain" would be improper for the same reasons: An expert is simply not permitted to testify concerning the credibility of a witness.  Furthermore, as set forth above, Defendant's "secondary gain" strategy itself is improper, and defendant cannot admit this evidence "through the back door" by questioning Dr. Aronov.  Therefore, Plaintiffs respectfully requests that all such argument or questions, including all of the statements set forth above, be excluded at trial in this case.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order precluding the Defendants from introducing any testimony or opinions concerning the credibility of Plaintiffs or any other witnesses, from making any comments or argument to the jury concerning "secondary gain", or otherwise attempting to discredit plaintiffs for exercising their right to utilize the judicial system to seek recovery for their injuries.

        DOWD & DOWD, P.C.

BY:    ___/s/ DOUGLAS P. DOWD___
        DOUGLAS P. DOWD (29240)
        Attorneys for Plaintiffs
        100 North Broadway, Suite 1600
        St. Louis, Missouri   63102
        314/621-2500  Fax, 314/621-2503

## CERTIFICATE OF SERVICE

A copy of the foregoing was served by operation of the Court's electronic filing system this 10th day of March, 2008 to Mr. Thomas Magee, Attorneys for Defendant, Moser & Marsalek, P.C., 200 North Broadway, Suite 700, St. Louis, Missouri 63102, 314-421-5640 (fax) and N. Scott Rosenblum, Rosenblum, Schwarts & Rogers, P.C., 120 South Central Avenue, Suite 1550, Clayton, Missouri 63105, 314-862-8050 (fax).

/s/ DOUGLAS P. DOWD
DOUGLAS P. DOWD