UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GARY RIHN, et al.,          )
                            )
    Plaintiff(s),            )
                            )
vs.                         )     Case No. 4:07CV00197 ERW
                            )
TYOKA JACKSON,              )
                            )
    Defendant(s).            )

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Parties' objections to the introduction of certain portions of deposition testimony at the trial of the above captioned case. Prior to the commencement of a jury trial, the attorney's raised a number of objections to certain deposition designations, and the Court heard the Parties' respective positions on those portions of testimony. The Court now issues the following ruling.

The Court will begin with the Deposition of Ms. Joyce Coll. First, the Defendant objects to page 10, line 22, through page 12, line 11, as hearsay. While the Plaintiffs are correct that the events immediately following the incident are relevant, this does not include the admission of hearsay statements. Any reference by Ms. Coll to what the Captain said is inadmissible, and Defendant's objection is sustained. Furthermore, any reference by Ms. Coll to statements made by other passengers is also hearsay, and Defendant's objection is sustained as to those statements also.

The second objection to Ms. Coll's deposition was made by Plaintiffs. Plaintiffs object to testimony by Ms. Coll as to what would be proper conduct for a flight attendant, and whether it

1

would be proper to poke a passenger. Plaintiffs' objection is overruled, as it relates to page 21, lines 16-25. Ms. Coll is permitted to testify as to what she would ordinarily do. However, as far as Plaintiffs' objection relates to page 22, lines 1-7, the objection is sustained. Ms. Coll may not testify to any situation that she did not observe. The third objection, made by Plaintiffs, also objects to testimony by Ms. Coll, as to what she would do in a certain situation as a flight attendant, specifically page 23, lines 9-23. The Court sustains Plaintiffs' objection. Any testimony by Ms. Coll as to what she would personally do is irrelevant, and calls for speculation.

The next two objections refer to the deposition of Mr. Michael Hutson. Defendant objects to testimony by Mr. Hutson regarding his personal background, page 4, line 24, through page 6, line 8. Defendant's objection is overruled. Testimony by Mr. Hutson regarding his background is admissible. The second objection is made by Defendant to Mr. Hutson's testimony regarding the actions immediately following the incident, page 11, lines 1-20. Defendant's objection is overruled, his testimony regarding what took place immediately following the incident is admissible.

The remaining objections are to the deposition testimony of Dr. Neil Aronov. The first objection is made by Plaintiffs to Dr. Aronov's testimony that he saw Plaintiff Gary Rihn in June, 2007, in order to prepare for his deposition in the pending litigation, page 57, line 2-13. This visit was not part of Plaintiff Gary Rihn's treatment, and therefore Plaintiffs object on the basis that it is not relevant. Plaintiffs' objection is sustained; Dr. Aronov's visit with Plaintiff Gary Rihn in order to prepare for his deposition is not relevant. However, the Court notes, that this specific

visit, after all treatment of Plaintiff Gary Rihn had concluded, was not medically necessary, and therefore is not to be included in the calculation of damages.[1]

The second objection is to Dr. Aronov's testimony regarding secondary gain, page 68, line 1, through page 69, line 6, by Plaintiffs. Plaintiffs' objection is sustained. Dr. Aronov is a treating physician, not an expert witness, and therefore his opinions on secondary gain are not admissible. Defendant may elicit such testimony from his own expert witness, in accordance with this Court's prior ruling.

The remaining objections are made by Plaintiffs to Dr. Aronov's testimony regarding a forensic evaluation, as well as other evaluation tools that were not used by Dr. Aronov. Those portions of the deposition include: page 69, line 7, through page 70, line 5; page 71, line 1, through page 73, line 1; page 79, line 23, through page 80, line 3; and page 92, lines 1-17. The Court concludes that this information is relevant, and therefore Plaintiffs' objections are overruled.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objection to page 10, line 22, through page 12, line 11, to Ms. Coll's deposition is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Plaintiffs' objection to page 21, line 16, through page 22, line 7, to Ms. Coll's deposition is **OVERRULED in part** and **SUSTAINED in part**. It is overruled, as it relates to page 21, lines 16-25, and sustained as it relates to page 22, lines 1-7

---

[1] The Court previously ruled that Plaintiff Gary Rihn could testify regarding the amount of his medical bills that were paid, including treatment by Dr. Aronov. Clearly, a visit necessitated by the taking of a deposition is not medically necessary and therefore shall not be included in the total amount of Plaintiff Gary Rihn's reasonably necessary medical bills.

**IT IS FURTHER ORDERED** that Plaintiffs' objection to page 23, lines 9-23, of Ms. Coll's deposition is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's objection to page 4, line 24 through page 6, line 8 of Mr. Hutson's deposition is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's objection to page 11, lines 1-20 of Mr. **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' objection to page 57, line 2-13 of Dr. Aronov's deposition is **SUSTAINED.**

**IT IS FURTHER ORDERED** that Plaintiffs' objection to page 68, line 15 of Dr. Aronov's deposition is **SUSTAINED.**

**IT IS FURTHER ORDERED** that Plaintiffs' objections to page 69, lines 7-70, page 71, line 1, through page 73, line 1, page 79, line 23, through page 80, line 3, and page 92, lines 1-17 of Dr. Aronov's deposition are **OVERRULED**.

Dated this 24th Day of March, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE